### ARMOUR & CO v SHAIN

Ohio Appeals, 5th Dist, Stark Co
No 1089. Decided Oct | , 1930

William A. Summit, Canton, for Armour & Co.

Contie & Cohen, Canton, for Shain.

WASHBURN, J. (9th Dist) sitting in place of HOUCK, J.

LEMERT, J.

The general rule in Ohio, as well as other jurisdictions is that a contract must be discharged in the same form as that in which it is made. That is to say, a contract under seal can only be discharged by agreement where the agreement is under seal, but by the great weight of authorities, the rule does not apply where a parole contract, rescinding or modifying a contract under seal, has been agreed and acted upon, so that it would be inequitable to hold the parties to their original contract. That is to say, a simple contract may be discharged by writing or by word of mouth, whether or not the original contract is in writing.

There is, however, an exception to this rule and it may be well to note the same at this time, that where the original written contract is within the statute of frauds, though an absolute discharge by rescission may take place by word of mouth, a discharge by substituted agreement must, by the weight of authority, be in writing, so that we note under this exception the original contract, although it may come within the statute of frauds, may be discharged or rescinded by word of mouth ,except, of course, where there is to be a substituted agreement; that is, where one party is to be released as surety and another to be substituted for him, which, of course, does not apply to the instant case, as in this case the evidence shows it was intended to terminate the contract completely.

The contract of surety in this case is what we may term and what is known as a simple contract. In Clark on Contracts, on page 533, we note the following:

"A parole or simple contract may be discharged by writing or by word of mouth. It is immaterial that the original contract is in writing, for as we have said, the writing is not the agreement but the evidence of the agreement only. There is an exception in cases where the original agreement was required by the statute of frauds to be in writing. In such a case an absolute discharge might properly take place by word of mouth. If, however, the discharge is not a simple rescission, but is by substitution of a new contract, either by express provision or by implication, because of inconsistency between it and the original, then the rule seems to be to require a discharge or rescission by writing."

So, in the instant case, we have the testimony of Sam Shain and that of Teki Amet, who was present at the time that Armour & Co. agreed to release and discharge Sam Shain, so the jury in this case had these facts before it and acted upon it and we think properly so.

Then the question which counsel for plaintiff in error further insists upon, that the Court below should have taken the case from the consideration of the jury. We note, under the title of Guaranty, in 28 Corpus Juris, page 1032, as follows:

"But where there is sufficient evidence to be submitted to the jury as to the existence or non-existence of material facts in issue, and the evidence is conflicting or of such a character that different conclusions might reasonably be drawn therefrom, the issues should be submitted to the jury for determination, and in such a case it is error for the Court alone to decide the question, such as by a nonsuit, dismissal, direction of a verdict, or a peremptory instruction. In accordance with these rules unless the evidence is clear and undisputed, it is usually a question for the jury."

Therefore, we find and hold that both parties in this case had a fair and impartial trial and that the verdict of the jury was right and that there is no error in this case prejudicial to the rights of the parties herein.

Therefore, it follows that the judgment in this case is hereby affirmed. Exceptions may be noted.